THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* STANLEY DENERSTEIN, Respondent.

First Department, November 3, 1966.

*Irving Lang* of counsel (*Alan F. Leibowitz* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*Richard Allan* of counsel (*Jesse Moss,* attorney), for respondent.

*Per Curiam.* After his arrest defendant was indicted for feloniously possessing a narcotic drug with intent to sell and for feloniously possessing a narcotic drug. A search of his person incident to his arrest had yielded a quantity of cocaine, which he moved to suppress as evidence. The motion was granted on the ground that the police had acted on unsubstantiated information.

The sole witness at the hearing on the motion was Detective Mercurio. The informer, a woman who had been arrested on a narcotics charge, had told Mercurio on the day of her arrest that " she had purchased cocaine * * * on a prior occasion " from a man known to her as " Stan ", and that she expected Stan to telephone her that evening " To see whether or not he was going to have cocaine to deliver to her." Later in the day Mercurio went to the informer's apartment with his

supervisor, Lieutenant Schurr, to whom the informer repeated the information she had given Mercurio. While both police officers were present in the apartment she received a telephone call. Mercurio heard her greet the caller by the name of Stan, "And then I heard a confirmation as to the time, about 8 o'clock". When the telephone conversation ended, the informer told the officers that Stan had been the caller and that he was to make delivery at 29 West 64th Street, apartment 3D. She also described his appearance to the officers in some detail. The officers stationed themselves on the floor above apartment 3D. Defendant emerged from the elevator on the third floor at approximately 8:40 P.M. and walked in the direction of apartment 3D. Mercurio descended to the third floor, observed that defendant's appearance conformed to the informer's description, and asked defendant if his name was Stan. Defendant acknowledged that it was, and he was then arrested and searched. The search produced the quantity of cocaine which defendant seeks to suppress as evidence.

On the foregoing facts there was in our opinion probable cause to arrest and search. The informer's existence was verified by two police officers (and indeed is not disputed, as hereinafter explained); and the same information she gave to the one she thereafter furnished the other. The information related to a seller of narcotics, and that she herself had been arrested on a narcotics charge indicated that she was in a position to give reliable information about the seller. Her statements that Stan would telephone and that he would come to a specific address were confirmed by the event. As the address was that of her own apartment she was willing to incur the risk of abandoning anonymity. Although the informer had not previously given information to the police, we think the officers were justified in believing her information reliable.

Additionally pertinent are the following circumstances. At the hearing on the motion held on September 2, 1965, it appeared that the name of the informer, although not mentioned, was known to defendant. When he asked for her production, the People explained that she had received a suspended sentence and that the police had no knowledge of her current whereabouts. Defendant's counsel asked for a three-day adjournment for the purpose of trying to locate her, stating, "I wrote to her yesterday." He also asked for the production of Lieutenant Schurr. The court adjourned the hearing to September 7 and instructed Detective Mercurio to tell Lieutenant Schurr to attend on that date. When the hearing resumed on September 7, defendant's counsel stated that he was not going to call for the

336

production of the lieutenant, but he said nothing about the informer. His statement on September 2 that he would try to locate her, and his failure to state on September 7 that he had been unable to do so, or to request a further adjournment to procure her presence in court, compel an inference unfavorable to the contention that her information was unreliable.

Accordingly, order entered on October 1, 1965, granting a motion by defendant to suppress evidence, should be unanimously reversed, on the law and the facts, and the motion denied.

BOTEIN, P. J., BREITEL, McNALLY, STEUER and BASTOW, JJ., concur.

Order, entered on October 1, 1965, unanimously reversed, on the law and on the facts, and defendant's motion to suppress evidence denied.